## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ORIENTAL FINANCIAL GROUP, INC.**
**Plaintiff,**

       **v.**                                   **CIVIL CASE NO: 00-2035 (DRD)**

**FEDERAL INSURANCE COMPANY, INC.**
**Defendants.**

### OPINION AND ORDER

Pending before the Court is plaintiff's *Motion for Partial Reconsideration of Order Granting in Part Defendant's Motion in Limine* (Docket No. 173). Plaintiff moves the Court to reconsider the Opinion and Order issued on March 12, 2005 (Docket No. 170) wherein the Court Granted in part and Denied in Part *Defendant's Motion in Limine* (Docket No. 138). The facts to the instant case has been discussed extensively for the past five years throughout the dispositive motions filed by both parties. After duly considering the new submittals of both parties, for the reasons stated herein, the Court hereby **DENIES** plaintiff's request to reconsider.

### STANDARD FOR RECONSIDERATION

Motions for reconsideration are generally considered either under Fed.R.Civ.P. 59 or Rule 60 depending on the time such a motion is served. *See* Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided upon by the Court. These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (*citing* F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir., 1992)); Standard Quimica de Venezuela v. Central Hispano International, Inc., 202, 205 n. 4 (D.P.R., 1999); Cherena v. Coors Brewing Com., 20 F.

Supp. 2d  282, 286 (D.P.R., 1998); *see also*  National Metal Finishing Com. v. Barclaysamerican Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Id at 123.  *See also*, Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n.3  (M.D.Pa. 1994)(a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed.); Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D. at 205.

The Federal Rules of Civil Procedure  do not specifically provide for the filing of motions for reconsideration of interlocutory orders. *See* Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D. 275, 287 (D.C. Col. 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d  858, 861 (10th Cir.,1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued. Id.  Further, although Rule 59(e) refers to judgment ( i.e., rulings that are appealable), **Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders**. *See* Waye v. First Citizen's National Bank, 846 F.Supp. at 310 (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundation v. Karg Bros.Inc. , 841 F.Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99 (E.D. Va. 1983) (motion for reconsideration of order denying motion to dismiss).

"A motion for reconsideration of an order to grant [deny] summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure". Trabal Hernandez v. Sealand

Services, Inc., 230 F.Supp.2d 258, 259 (D. P. R. 2002); *See also* Rosario Rivera v. PS Group of P.R., Inc., 186 F.Supp.2d 63, 65 (D. P. R. 2002).  "These motions should be granted to correct manifest errors of law or to present newly discovered evidence." Trabal Hernandez., 230 F.Supp.2d at 259**;** *See also* F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d at 123. Moreover, Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment [or order]." Pacific Insurance Company. v. Am. Nat'l. Fire Ins. Co.,148 F.3d 396, 403 (4th Cir.1998). "Neither are Rule 59(e) motions appropriate to repeat old arguments previously considered and rejected". Trabal Hernandez., 230 F.Supp.2d at 259; (*citing* Nat'l Metal Finishing,., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R. 2002)). **Hence, "motions for reconsideration are 'extraordinary remedies which should be used sparingly"** and are **"typically denied".** Trabal Hernandez., 230 F.Supp.2d at 259;  Nat'l Metal Finishing Co., 899 F.2d at 123; 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1, at 128 (2d ed.1995) *emphasis added*.

    As a general rule, motions for reconsideration should only be exceptionally granted. As our sister court in the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons.  First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited.  Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions.  Third, broad interpretation of motions for reconsideration is not supported by controlling precedent.  And last but not least, reconsideration of dispositive decisions . . . . hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Penn. 1998).

    Thus, in the interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because the parties should not be free to relitigate issues a court has

already decided.  Id. (*citing* New Chemic (U.S.), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D.Pa. 1996).  "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F. Supp. 829, 830 (M.D.Pa., 1992).

## FACTUAL BACKGROUND

### A. ADMISSIBILITY OF POST-FILING ACTIONS

On March 12, 2005, the Court Granted in part and Denied in Part defendant's Motion in Limine (Docket No. 138).  Federal Insurance Company (FIC) had then moved the Court to bar plaintiff's "evidence of any loss greater than $113,798 relating to Proof of Loss 1-A"; to "bar reference to any amount in excess of $3,865,921.88 related to Proof of Loss 1-B"; to "bar evidence which show that FIC incurred in post-litigation which may be interpreted as bad faith or dolo"; to bar "plaintiff from introducing evidence to support coverage claims not included in its Proof of Loss"; and to bar plaintiff from introducing evidence that FIC improperly handled its claim due to Oriental Financial Group's (OFG) failure to proffer expert witness in support of such claims".

The Court in its Opinion and Order (Docket No. 170) denied FIC's request to bar the evidence of losses in excess relating to POL 1-A; denied the request to allow references in excess of $3,865,921.88 relating to POL 1-B; granted FIC''s request relating to post-litigation conduct which could be interpreted as bad faith or dolo; granted FIC's request to limit the scope of the evidence to be presented as proof of FIC's improper claim's denial; and denied FIC's request to bar

OFG from introducing evidence demonstrative that FIC's engaged in improper claim handling practices.

In the instant motion for reconsideration, OFG moves the Court to reconsider its prior ruling relating to the five post filing conduct of defendant which according to plaintiff are demonstrative that FIC engaged in post- filing conduct which should be considered as bad faith to its insured, to wit, FIC's attempt to intervene in a state action unrelated to the instant action allegedly to defend and assist plaintiff's former employees whose actions gave rise to plaintiff's claims under the fidelity bonds object of the instant case; FIC's actions seeking cooperation from the former employees which is according to plaintiff is against the best interest of the insured; FIC's attempt throughout the discovery process to examine all OFG's accounts, that is, all accounts beyond the three accounts object of the instant litigation; FIC's "clearly stated intention" to file a third party complaint against OFG's expert firm seeking to disqualify said expert firm and sway away defense from counsel of record; and finally, FIC's reiterated refusal to engage in settlement negotiations and its rejection to participate in mediation or any other alternate dispute resolution mechanism which could extrajudicially solve the instant claim.

At the outset, OFG sustains that in order for the Court to foreclose the presentation of post-litigation conduct incurred by the insurer which may be probative of bad faith conduct and demonstrative of the breach of the covenant of good faith and fair dealing by the insurer, the defendant carries the burden to demonstrate how the presentation of said evidence results in unfair prejudiced.  In other words, OFG sustains that FIC must show pursuant to Rule 403, Fed.R.Evid., that the probative value of the evidence to be submitted is substantially outweighed by the unfair prejudice said evidence may produce on the defendant.  OFG sustains that the Court relied on Timberlake Construction Co. v. U.S. Fidelity and Guaranty Co., 71 F.3d 335. 340 (10th Cir. 1995)

standing for the proposition that once the insurer-insured litigation process has commenced, any action taken by defendant as litigation strategy or tactics are not probative that the claims were denied because of bad faith.

Rather OFG points to caselaw supporting its position that post litigation conduct is admissible and it should be shown to the trier of fact for a determination of whether the good faith standard has been breached.[1] According to OFG, said caselaw stands forth the proposition that the insurer's conduct during the entire course of litigation is admissible if the insured attempts to show that there has been a breach of the insurance contract and a breach of the covenant of good faith and fair dealing; that said evidence should be entertained by the trier of facts to arrive at a determination of whether the standard had been breached; and that the entire course of conduct between the parties is relevant to show malice in a bad faith claim.

The Court has reviewed the conclusions reached in its Opinion and Order and has provided further special attention to the averments made by OFG regarding the Court's adoption of the Timberlake decision as a means of foreclosing the admisibility of post-litigation conduct as a probative of bad faith animus.  Firstly, it is crystal clear that the caselaw provided by OFG is not binding upon this Court because said state jurisprudence is not mandatory precedent to this District Court, OFG has failed to point why should said caselaw should be mandatory considered instead of the caselaw of other sister federal court.  Further, said cases have been previously presented to this Court hence they shall not be considered as new caselaw pursuant to the standard of review for a motion for reconsideration, hence the undersigned continues to rely on the decision provided by the

---

[1] The caselaw on which FIC relies is the following: White v. Western Title Insurance Company, 710 P.2d 309 (Ca. 1985); Safeco Ins. Co. v. Ellinghouse, 725 P.2d 217, 225 (Mont. 1986); and Federated Mutual Ins. Co. v. Anderson, 991 P.2d 915, 923 (Mont. 1998).  The Court notes that the three cases submitted by OFG have been previously presented by movant in its Opposition to Defendant's Motion in Limine (Docket No. 141).  Likewise, the Court notes that OFG has failed to argue that these cases or other subsequent case constitute an intervening change in the law which warrants the Court to reconsider its prior ruling.

<u>Timberlake</u> Court.

At the outset, the Court is reluctant to accept OFG's proposition of the reasoning of this Court adopting the ruling provided by the <u>Timberlake</u> Court simply because it constitutes a misstatement of the Court's previous ruling.  The Court notes that OFG has omitted from its motion for reconsideration other caselaw upon which this Court relied in order to reach its conclusion. Specifically, the Court referred OFG to <u>Event Producers, Inc. v. Tyser & Co.</u>, 854 F.Supp. 35, 40 (D.P.R. 1993), *affirmed* 37 F.3d 1484 (1994) standing for the proposition that for a plaintiff preserve its bad faith and "dolo" claim, plaintiff has the burden to allege sufficient facts to give rise to an inference that the insurer has violated its duty to deal fairly and in good faith with its insured.

Furthermore, the Court is fully aware that post-litigation conduct associated with an insurer denying its insured's claim constitutes potential relevant and admissible pursuant to the Federal Rules of Evidence.  However, such admissibility is not an open invitation to a movant to bring forth whatever evidence he may think shall be presented in order to succeed at his claim.  Consequently, relevant evidence "may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.  Rule 403, Fed.R.Evid.

OFG moves the Court to rethink its conclusion because "FIC has failed to demonstrate how it would be unfairly prejudiced by evidence of the bad faith acts in question, and has failed to demonstrate that the probative value of such evidence is substantially outweighed by said unfair prejudice".  Hence, it is OFG's contention that FIC had the burden to prove that the evidence proposed by plaintiff is inadmissible because of unfair prejudice, and since FIC failed to do so, the evidence is admissible.  The Court notes that OFG has not provided caselaw in support of this position specially when it was the Court, *sua sponte*, who raised the issue of unfair prejudice in light

that the jury could think that an aggressive defense was synonym of "dolo" or bad faith conduct on part of the insurer.  Hence, it is OFG who has the burden to show the Court that the probative value indeed outweighs the concern of unfair prejudice raised by the Court.

However, OFG's arguments misses the Court's previous ruling as to the admissibility of said evidence subject to a proffer that the conduct allegedly demonstrative of bad faith "was willful and voluntary".  Further, in its Opinion and Order the Court reasoned that OFG had failed to show that FIC's conduct was aimed to harm OFG knowing that said conduct was unfair. Finally, the Court ruled that OFG did not show that the conduct incurred by FIC amounted to either "conscious wrongdoing, reckless indifference or the lack of a reasonable basis for denying the claim".

Therefore, OFG's arguments relating to FIC's failure to show that the probative value of the evidence was outweighed by unfair prejudice are totally a mischaracterization of the Court's conclusion.  As stated previously, since Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders, OFG has failed to show that the Court incurred in manifest errors of law or fact (as opposed to a discretionary call) that there is present newly discovered evidence, or that there is an intervening change in the law.  OFG's motion for reconsideration merely seeks to take a second bite at the apple to relitigate matters already litigated and previously decided by the Court.

## B. WILLFULNESS AND VOLUNTARINESS, OR REASONABLENESS

Further, OFG sustains that the acts committed by FIC were willful and voluntary actions constituting unreasonable litigation actions geared toward damaging OFG.  OFG points to five (5) acts of allegedly post-filing bad faith as evidence that the conduct incurred does not constitute a reasonable litigation tactic hence should be considered as a breach of the covenant of good faith and fair dealing.  The Court once again, at OFG's request, revisits *de novo* the five (5) acts incurred by

FIC which allegedly constitutes bad faith conduct and unfair dealing practices.

**1. FIC's intervention at state court proceedings between OFG and its former employee**

OFG sustains that FIC's attempt to intervene at the state court proceedings between the former and its ex-employees is indicative of an unreasonable litigation tactic and is evident of a "naked attempt by FIC to intervene in a completely separate and distinct case from the case at bar, solely for the purpose of harming" OFG.  Further, OFG sustains that the outcome of the state litigation is irrelevant to the instant case for the simple reason that there can be no issue preclusion nor *Res Judicata* because FIC was not a party to said state action and that the only interest pursued by FIC was to harass and to intimidate OFG into settlement or abandonment of its claim.

The Court has examined FIC's motion requesting intervention at the local state court proceedings.  Said complaint was filed by OFG's former employee seeking remedies for salaries and other benefits, plus two additional causes of actions based on alleged discrimination, slander and libel incurred by its former employer, OFG.  These two causes of actions were to be tried under an ordinary non jury proceeding in the state court as is the case of all civil litigation in the local Commonwealth system.

In its request for intervention, FIC sustained that for the state court to award merits to said causes of actions, the court would have had to examine the conduct and behavior of all the parties therein included and could potentially result in an award on the merits of conduct of the employees related to the instant claim.  FIC concluded that as a result of the fidelity bonds it had issued on behalf of OFG, its rights could be affected by adjudicating the merits of said controversies, to wit, whether the conduct incurred by plaintiffs employees constituted fraudulent and dishonest acts or instead, that the damages claimed were self inflicted because of said conduct.  Consequently, FIC concluded that said determination was potentially harmful to their rights because the fidelity bonds

issued on behalf of OFG provided coverage for the dishonest and fraudulent acts incurred by its employees resulting in a real loss to OFG.

OFG sustains that FIC's conduct is probative of the willful intentions to cause harm to its insured.  However, OFG misses the fact, that the doctrine of collateral estoppel could have severely hindered FIC as a result of the controversies that could potentially be adjudicated in said proceedings (at least as to the employees conduct) because said doctrine serves as a bar for further litigation of an issue of ultimate fact that had already been determined by a valid and final judgment as to OFG and its employees. Jackson v. Coalter, 337 F. 3d. 74, 85 (1ST Cir. 2003). Hence, the right, question or fact at issue may have been directly ruled upon by a court of competent jurisdiction. Montana v. United States, 440 U.S. 147, 153 (1979); Maymo-Meléndez v. Alvarez-Ramírez, 364 F. 3d. 27, 33 (1ST Cir. 2004) ("collateral estoppel requires the precise identification of issues actually litigated and decided in the first case and sought to be re-litigated in the second"). As a result, collateral estoppel shall not preclude litigation on issues that *could* have been raised in the prior proceeding, but were not. United Shoe Machinery Corp. v. United States, 258 U.S. 451, 459 (1922).

Inasmuch the local court could have decide that former OFG's employee incurred in dishonest and fraudulent conduct against its employer and/or that the damages claimed were self inflicted or not, in the captioned case OFG could have argued a fact under Rule 401, Fed.R.Evid., on the grounds of collateral estoppel based on the fact that the conduct incurred by the employee was in fact dishonest and/or that OFG suffered a loss as a result of said conduct.  Hence OFG could have argued that FIC was precluded from relitigating said matter (again as to the conduct of the employees).  At this time, the Court deems that any conclusion as to the outcome of the local state court proceeding and the arguments raised thereat is purely speculative however, the Court rules that an attempt to intervene in a state proceeding, which is allowed by the Puerto Rico Rules of Civil

Procedure, should not be considered as an act devoid of any merit and intentionally performed to cause harm; but to be considered a potential prudential act to avoid an ultimate conclusion.

Finally, the Court stands by its previous decision that the record is devoid of any evidence supporting OFG's averments as to FIC"s intervention being made intentionally and maliciously for the sole purpose of harming OFG nor that said conduct signals a breach of the covenant of good faith and fair dealing.  Further, OFG has forgotten that in order for an insured to prevail in a bad faith claim against its insurer, the movant must show conscious wrongdoing, reckless indifference or the lack of a reasonable basis for denying the claim.  Precisely, with the arguments presently before the undersigned,  at this time the Court cannot make such a finding.  The Court once again notes that the allegations made by OFG are not supported by any caselaw hence the conclusions submitted by OFG are merely a second attempt to move the Court to sympathize with movant's point of view. However, it is well known that a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed.  Waye v. First Citizen's National Bank, 846 F.Supp. at 314 n.3.

### 2. FIC sought the cooperation of OFG's former employees

OFG alleges that FIC's actions seeking cooperation of two of its former employees are willful acts of bad faith and not a reasonable litigation tactic.  The two employees, to wit, Juan Carlos Gonzalez and Carlos Ayala are directly related to the claims submitted by OFG in POL 3-A, and POL 1-B which amounts in excess of Nine Million Dollars ($9M).  OFG affirms that FIC obtained two unsworn statements under the penalty of perjury which are clearly inconsistent with prior declarations made under oath made by said former employees.  OFG sustains that should FIC's intentions were to discover the truth about how OFG's accounts were manipulated, they would have attempted to address the discrepancies between the employees' statements.  Further, OFG affirms

that counsel for FIC and counsel for the former employees met with the purpose of discussing defenses and litigation strategies in the case before the local court and said conduct constitutes active participation to develop strategies and shape testimony against the best interest of FIC's insured. Finally, OFG concludes that FIC alliance with the dishonest employees fails as an act of good faith and fair dealing.[2]

This issue has been previously addressed by the Court insofar this is again the second bite at the apple OFG takes at the same matter.  This time at bat, OFG swings alleging amongst others, that FIC helped the former employees to develop case strategies and shape testimony, that FIC did not attempt to seek the truth when faced with inconsistent statements from the employees, that FIC coached and steered the former employees testimony in order to support a finding of no-coverage, all in an attempt to deny OFG's claims in an open breach of the covenant of good faith and fair dealing.[3]

However, this time at bat, OFG provides more elaborate arguments than those submitted the first time this issue was addressed.  Notwithstanding, a thorough review of the evidence submitted the first time OFG addressed the instant matter reveals that the evidence submitted by OFG this second time in support of its position is duplicative as to the same purpose.  Hence, the Court deems that OFG has attempted with this motion for reconsideration "to repeat old arguments previously considered and rejected", Trabal Hernandez., 230 F.Supp.2d at 259, and to relitigate issues the Court has already decided.  Further, OFG has failed to show (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear

---

[2] Should the statements be introduced in evidence there is nothing to stop OFG from producing the prior statements and all the relevant evidence relating thereto as inconsistent impeachable statements made by the employee under the Rules of Evidence.  Rule 607, Fed.R.Evid.

[3] This evidence again is not barred as impeaching evidence under Rule 607, Fed.R.Evid.

error of law or to prevent manifest injustice, which may warrant the granting of the instant motion for reconsideration.  Dodge v. Susquehanna University, 796 F. Supp. at 830.

**3. FIC's attempt to examine OFG's accounts beyond the three accounts object of the instant claim**

OFG sustains that FIC's attempt to examine all of OFG accounts from 1989 to present evidences a willful attempt to disrupt the former's normal banking operations in an attempt to coerce OFG into dropping their claims.  OFG sustains that although FIC had the right to investigate the claims made, it was FIC's responsibility to examine said accounts before denying the claims because said exercise is an unfair advantage to pressure an insured to settle its claims.

However, the Court notes that from the beginning of the instant litigation  FIC claimed defenses negating coverage based amongst others on the existence of real losses as opposed to theoretical or accounting losses, that OFG inflated record of its assets, and that OFG's losses resulted from an inadequate process implemented to reconcile its bank accounts and poor management of said accounts.  Further, it is noted that OFG recognizes that these allegations were made in the local court proceedings in attempting to convince said court to grant FIC's intervention.

OFG moves the Court to conclude that the unreasonableness of said request was to "shut down the bank ... and to coerce OFG into giving up its claims."  The Court deems this is an unsupported conclusion mainly because in a claim that surpasses the amount of Twenty Million Dollars, and wherein poor management and account reconciliation practices are raised as defenses, said discovery request, although originally deemed broad, fails to provide a causal nexus to establish the willful intent to shutdown the bank for discovery purposes and/or as a coercion mechanism to settle the claims as alleged by OFG.  Again, OFG attempts to reargue matters already properly prior thereto disposed of simply because OFG disagrees with the Court's point of view.  Waye v. First

Citizen's National Bank, 846 F.Supp. at 314 n.3.  It is well settled, that a motion for reconsideration is unavailable for this purpose.  Id.[4]

### 4. FIC's intention to file a Third Party Complaint in order to disqualify OFG's expert witness and counsel

OFG sustains that FIC's intention to file a Third Party Complaint against PriceWaterhouseCoopers (PWC) accounting firm is evidence of FIC's bad faith against its insured. OFG sustains that a document produced by FIC during discovery reveals that its intentions behind said attempt was to eliminate PWC as OFG's expert witness.  Further, OFG affirms that the documents produced show that FIC's ulterior intention was further to disqualify the McConnell firm. Finally, OFG sustains that FIC's timing pursuing this course of action is indicative of its intention to wait until litigation was in an advanced stage of the proceedings in order to accomplish the goal of impleading the insured's expert and limiting it defenses.

However, as OFG correctly points, the documents provided in support of its position are not new to the Court.  As a matter of fact, they were previously provided in support of its request to allow admissibility of  this conduct as an example of the bad faith behavior incurred by FIC throughout the instant litigation.  Notwithstanding, the Court notes that at the time FIC requested leave to file the Third Party Complaint against PWC, OFG raised two defenses, to wit, that granting said request would result in loosing its main expert witness, and that an insurer is not allowed to file a Third Party Complaint until payment to the insured is made hence FIC's right to subrogate in OFG's position was premature precisely because claims' payment had not been made by FIC.

It is known that to allow a Third Party Complaint is within the sound discretion of the court

---

[4] Further, the Court notes that early in the game plaintiff cried foul and the Court timely blew the whistle limiting the scope and breath of defendants overbroad request.

precisely in an attempt to avoid prejudice to the original plaintiff or to the Third Party Defendant. 6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u>, §1442 at 301.  Once again, the Court points to the defenses raised by FIC in support of its position, specifically as to poor account reconciliation practices.  Should that in fact be the case, PWC was OFG's external auditor overviewing the auditing process within OFG and it was PWC who prepared OFG's Proof of Loss documents; FIC may have a right to recover from PWC for any failure or wrongdoing in its duties which may be deemed as a proximate cause of the losses claimed under the fidelity bonds issued by FIC.

It should be noted that OFG disagrees with the conclusion reached by the Court as to the record lacking support of FIC's intent to eliminate PWC as an expert witness to the instant case. Although the choice of words of the Court may have created some confusion, the Court clarifies that the documents provided by OFG do not move the undersigned to conclude that the evidence shows an intent to harm OFG by means of filing a Third Party Complaint.  As acknowledge by OFG in its request to reconsider, although its position is in disagreement with the Court's ruling, said disagreement does not provide grounds to grant a motion for reconsideration. <u>Waye v. First Citizen's National Bank</u>, 846 F.Supp. at 314 n.3.  The Court deems that under this scenario, OFG has failed to show that FIC's action were geared toward purposely inflicting harm at its insured.  Further, OFG has failed to show that FIC's conduct acting within the scope of the Federal Rules of Civil Procedure, in this case was done for the sole purpose of FIC inflicting harm to its insured.  The Third Party Complaint was not allowed as a matter of law and not because the Court thought that such action was malicious or geared toward harming OFG.  As the Court has stated herein, OFG has failed to show the availability of new evidence not previously available, an intervening change in controlling law, or the need to correct a clear error of law or to prevent manifest injustice. <u>Dodge v. Susquehanna University</u>, 796 F. Supp. at 830.  Simply expressed, OFG disagrees with the Court's

point of view and seeks to take another bite at the apple repeating old arguments previously considered and rejected. <u>Trabal Hernandez</u>., 230 F.Supp.2d at 259.

### 5. FIC's failure to enter into settlement conversations

OFG attempts to persuade the Court that FIC was obligated to enter into "meaningful settlement discussions"or to engage in mediation, and that such conduct is but another example of FIC's strategy to coerce OFG into dropping its claim.  OFG avers that after all the documentation in support of its claims was provided to its insurer, FIC ignored said evidence with the purpose of delaying final adjudication.  Again, OFG has failed to provide case law in support of its position relating to the insurer's obligation to settle a claim submitted by its insurer.

Evidently, OFG sustains it has a valid claim while FIC is reluctant to pay for losses which it deems are not real losses hence not covered by the fidelity bonds.  The Court understands, from the arguments proffered by OFG, that once an insurer pays premiums for coverage and submits all documentation in support of what it believes to be a valid claim covered by the bonds, the insurer is under the obligation to settle said claim.  However, the gist of the instant controversy is precisely whether the claims submitted by OFG are covered under the fidelity bonds issued by FIC.  The Court is reluctant to accept OFG's arguments because precisely, one of the issues to be awarded by the jury is whether a loss covered by the fidelity bond did in fact occur.  In other words, are the employees' conduct, resulting in OFG writing off millions of dollars from its books, constitute a real loss covered by the fidelity bonds?  This same question remained unanswered by the Court when FIC's motion for summary judgment was denied precisely because in order to determine whether a covered loss had occurred, according to the language of the fidelity bond, the employees' acts had to be performed with the intent to cause harm and the employees' personal benefit, a question of fact for the jury to decide not to be decided at summary judgment stage. *See* <u>Mulero-Rodriguez v. Ponte,</u>

Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury") (internal quotation marks omitted) (citation omitted); *see also* Tew v. Chase Manhattan Bank, N.A., 728 F.Supp. 1551, 1555 (S.D.Fla. 1990) ("Certain issues such as fraud, intent, and knowledge lend themselves to trial, rather than summary judgment. These matters can often only be proved by reliance upon circumstantial evidence except in the rare case where there is uncontroverted proof of a 'smoking gun.'").

Inasmuch OFG disagrees with the Court's point of view and seeks to take another bite at the apple repeating old arguments previously considered and rejected, Trabal Hernandez., 230 F.Supp.2d at 259, and move the Court with the instant motion for reconsideration  to reargue matters already properly prior thereto disposed of, the Court is reluctant to grant OFG's request for reconsideration.[5]

## CONCLUSION

The Court has revisited its prior ruling conducting a *de novo* review of all the allegations proffered by OFG.  However, after a careful review of said allegations and for the reasons stated herein, the Court hereby **DENIES** plaintiff's *Motion for Partial Reconsideration of Order Granting in Part Defendant's Motion in Limine* (Docket No. 173).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 18th day of July 2005.

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[5] Notwithstanding, the Court may very well take all the facts alleged herein in the granting of lawyers fees, should plaintiff prevail in determining potential temerarious conduct.