IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORIENTAL FINANCIAL GROUP, INC.,<br><br>**Plaintiff(s)**<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, INC.,<br><br>**Defendant(s)** | **CIVIL NO.** 00-2035(JAG) |

**MEMORANDUM AND ORDER**

Pending before the Court is plaintiff Oriental Financial Group, Inc.'s ("Oriental") "Motion for Instructions to the New Jury Concerning Issues Conclusively Determined in the First Trial," filed on June 15, 2007. (Docket No. 304). Oriental seeks that the Court give the jury certain instructions at the partial retrial having to do with two issues it alleges were conclusively determined by the first jury. Defendant Federal Insurance Company, Inc. ("FIC") filed its opposition on June 19, 2007. (Docket No. 308). For the reasons set forth below, the Court **GRANTS in PART** and **DENIES in PART** Oriental's motion.

**FACTUAL BACKGROUND**

On August 11, 2000, Oriental filed a Complaint against FIC claiming payment for losses resulting from fraudulent and dishonest acts of several of its employees, which were allegedly covered by certain fidelity bonds underwritten by FIC, and damages resulting

Civil No. 00-2035 (JAG)                                                    2

from breach of contract, bad faith ("dolo") and breach of the covenant of good faith and fair dealing.

The case went to trial and the jury returned a verdict in favor of Oriental on Claim 1-A, finding that Oriental had suffered a covered loss of $353,219 resulting from one or more dishonest or fraudulent acts by Oriental employee Miguel Flores relating to the Accounts Receivable/Returned Checks Account, and on Claim 2-A, finding that Oriental incurred in expenses amounting to $100,000 in determining its losses related to Claim 1-A. The jury also found for Oriental on its claim of bad faith ("dolo"), which is founded on FIC's wrongful refusal to provide coverage, and granted consequential damages totaling $7,078,640.60.[1] The jury found for FIC on Claim 1-B, finding that Oriental had not suffered a covered loss of $5,605,396.24 resulting from one or more dishonest or fraudulent acts of employees Carlos Ayala and/or Juan Carlos Gonzalez pertaining to the Mortgage Loan Account Portfolio.

The jury could not reach an agreement regarding Claim 3-A, under which Oriental claims that it suffered a covered loss of $3,442,450 resulting from one or more dishonest or fraudulent acts of employees Miguel Flores, Carlos Ayala and/or Juan Carlos Gonzalez in connection with the reconciliation of the Federal Home Loan Bank

---

[1] Oriental's consequential damages were divided into four categories: (1) image campaign and public relations expenses; (2) legal expenses; (3) accounting expenses; and (4) damage to brand name.

Civil No. 00-2035 (JAG)                                                3

account and two Citibank cash accounts. However, the jury was not divided on all of the issues related to Claim 3-A. In total, the Verdict Form contained five (5) questions having to do with Claim 3-A.[2] All but one of these were left blank. The jury answered question number four (4), which read "Was Roberto Fernandez aware, as of April or May 1997, of the fraudulent and/or dishonest alterations of Oriental's Federal Home Loan Bank cash account reconciliation of April 1997 made by Miguel Flores?" in the negative.

On January 25, 2007, this Court ordered the parties to file a joint motion informing the Court of all pending issues in this case and of their respective positions as to each issue. (Docket No. 278). The parties complied with said order (See Docket No. 281) and informed that of the two pending issues, one was whether Oriental, in the partial retrial, can receive consequential damages in addition to those awarded by the jury in the first trial upon a finding of bad faith ("dolo"). The Court ruled, in the Opinion and Order of April 2, 2007 (Docket No. 283), that the issues of bad faith ("dolo") and of consequential damages had been completely determined by the jury in the first trial and that the jury in the partial retrial would only determine whether or not Oriental suffered a covered loss under Claim 3-A. With its motion, Oriental seeks that the Court instruct the jury (1) that it should deem it

---

[2] See Questions 3-7 of the Verdict Form. (Docket No. 244).

Civil No. 00-2035 (JAG)                                                    4

conclusively proven, as a matter of law, that FIC acted with bad faith ("dolo") in the denial of Oriental's claims and (2) that Roberto Fernandez was not aware, as of April or May 1997, of the fraudulent and/or dishonest alterations of Oriental's Federal Home Loan Bank cash account reconciliation of April 1997 made by Miguel Flores (the "fraudulent and/or dishonest acts").

## DISCUSSION

A. <u>Instruction re: Fernandez's knowledge of fraudulent/dishonest acts</u>

Oriental seeks that the Court instruct the jury at the partial retrial (the "new jury") that it must accept as an established fact and not question that Roberto Fernandez ("Mr. Fernandez") was not aware, as of April or May 1997, of the fraudulent and/or dishonest alterations of Oriental's Federal Home Loan Bank cash account reconciliation of April 1997 made by Miguel Flores.  FIC argues that a finding was made by the jury when, in the Verdict Form, it answered the question having to do with Roberto Fernandez's knowledge of the fraudulent and/or dishonest acts in the negative. FIC states that it has no objection to a properly worded instruction in regards to this finding by the first jury, conceding that the issue was tried and decided.  FIC only requests that the instruction be worded in such a way so that it does not refer to the alteration by Miguel Flores as a fraudulent and/or dishonest one.

In a partial new trial, the portions of the original verdict and judgment as to other issues stand and are included in the

Civil No. 00-2035 (JAG)                                               5

judgment following the last jury verdict. See <u>Weymouth v. Colorado Interstate Gas Co.</u>, 34 F.R.D. 4 (N.D.Tex. 1963) aff'd 367 F.2d 84 (5th Cir. 1966). "Whether and to what extent issues should be separated out should be considered in light of the legal principles that, even when general verdicts are vacated, the parties are still bound by the jury's answers to the written interrogatories, and the Court may not enter a judgement that disregards any material jury finding." <u>Fibermark, Inc. v. Brownville Specialty Paper Products, Inc.</u>, 419 F.Supp.2d 225, 234 (N.D.N.Y. 2005). Further, partial retrial may be ordered as to part of the issues when "it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." <u>Gasoline Products Co. v. Champlin Refining Co.</u>, 283 U.S. 494, 500 (1931). In determining whether an issue can be retried separately from the others without injustice, the court must use its discretion. (See <u>Cosentino v. Royal Netherlands Steamship Co.</u>, 389 F.2d 726 (2d Cir. 1968).

   Even though Claim 3-A will be retried before a new jury, the fact remains that the first jury made a finding, even if it could not agree on the main issue of whether Claim 3-A was wrongfully denied or not, regarding Mr. Fernandez's lack of knowledge of the fraudulent and/or dishonest acts that make-up Claim 3-A. The Court will not disturb that determination, since it was unanimously found in a fair trial and it is sufficiently distinct and separable from

Civil No. 00-2035 (JAG)                                                    6

the other issues having to do with Claim 3-A as to permit the other issues to be retried without injustice. As such, the Court shall exercise its discretion in holding that the question of whether Mr. Fernandez's knew, as of April or May 1997, of the fraudulent and/or dishonest alterations of Oriental's Federal Home Loan Bank cash account reconciliation of April 1997 made by Miguel Flores, will not be presented to the new jury and shall be deemed answered in the negative by the first jury.

Regarding whether the new jury should be instructed on this finding by the first jury, FIC does not object to an instruction in this respect, but requests that the instruction not refer to the alteration as fraudulent and/or dishonest, since that has not been proven yet as to Claim 3-A. The Court agrees with FIC and accordingly, will instruct the new jury that it shall deem it proven that Mr. Fernandez did not know, as of April or May 1997, of the alterations of Oriental's Federal Home Loan Bank cash account reconciliation of April 1997 made by Miguel Flores. No reference to the alteration as fraudulent and/or dishonest will be made.

B. <u>Instruction re: "Dolo"</u>

Oriental also seeks that the Court instruct the new jury that it conclusively proved that any breach was a fraudulent breach ("incumplimiento doloso"). Oriental argues that this issue was conclusively determined and that it would otherwise need to proven by Oriental because it is an element of its claim of wrongful denial

Civil No. 00-2035 (JAG)                                          7

and thus, of its breach of contract claim under Claim 3-A. FIC opposes Oriental's motion, arguing that the jury at the partial retrial should not be instructed as to the first jury's finding regarding bad faith ("dolo"). FIC argues that Oriental did not raise this proposed instruction until the pretrial conference, that the issue of bad faith ("dolo") is irrelevant to the only issue to be retried (whether or not Oriental suffered a covered loss under Claim 3-A), and that the instruction is highly prejudicial to FIC.

The Court has already determined that the claim of bad faith denial ("dolo") of Oriental's claims under FIC's bonds is a separate cause of action, unlinked to any specific bond-related claim. (See Docket No. 283 at pp. 6-9). Since the first jury found that FIC acted with bad faith ("dolo") in denying Oriental's claims, the Court determined that the issue of bad faith ("dolo") was completely determined by the first jury and would not be part of the retrial. (See Docket No. 283 at p.9).

If Oriental's bad faith ("dolo") claim is its own cause of action, unlinked to any bond-related claim, it logically follows that bad faith denial ("dolo") is not an element of the breach of contract claim under Claim 3-A. Consequently, the determination by the jury at the first trial that FIC acted with bad faith ("dolo") in denying Oriental's claims does not relieve Oriental from proving any of the elements of wrongful denial of Claim 3-A. What it means

Civil No. 00-2035 (JAG)                                                   8

is that Oriental does not have to present any evidence to prove bad faith ("dolo") at the partial retrial.  This issue was already tried and decided by the jury in the first trial.  Any evidence of bad faith ("dolo") is not only irrelevant but prejudicial, and shall not be presented during the partial retrial.

Additionally, the Court holds that no mention of the findings of the jury in the first trial shall be made at the retrial, with the exception of the instruction regarding Mr. Fernandez, as stated above.  The parties are warned that they "may not re-litigate the issues already decided under the guise of presenting evidence on the issue [that needs to be retried]." <u>Green v. American Tobacco Co.</u>, 325 F.2d 673, 678 (5th Cir. 1963).

## CONCLUSION

For all the reasons stated above, the Court hereby **GRANTS in PART** and **DENIES in PART** Oriental's motion.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of June 2007.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge