**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ORIENTAL FINANCIAL GROUP,

     **Plaintiff(s)**

       **v.**                   **CIVIL NO.** 00-2035 (JAG)

FEDERAL INSURANCE COMPANY,

     **Defendant(s)**

**JURY INSTRUCTIONS**

CIVIL NO. 00-2035 (JAG)

## INSTRUCTIONS INDEX

TITLE OF INSTRUCTION                                    INSTRUCTION NO.

Court Instructions to the Jury. . . . . . . . . . . . . . .    1

Duty to Follow Instructions, Find Facts and Follow Law . . . .    2

Burden of Proof . . . . . . . . . . . . . . . . . . . .    3

Preponderance of the Evidence . . . . . . . . . . . . . .    4

"If you find" or "If you decide" . . . . . . . . . . . . .    5

What is Evidence--Inferences . . . . . . . . . . . . . .    6

Kinds of Evidence: Direct and Circumstantial . . . . . . . .    7

Stipulations . . . . . . . . . . . . . . . . . . . . .    8

What is not Evidence . . . . . . . . . . . . . . . . . .    9

Witnesses; Impeachment . . . . . . . . . . . . . . . . .    10

Opinion Evidence: Expert Witnesses . . . . . . . . . . . .    11

Conflicting Expert Testimony . . . . . . . . . . . . . .    12

Charts and Summaries . . . . . . . . . . . . . . . . . .    13

The Financial Institution Bonds . . . . . . . . . . . . .    14

Elements of the Cause of Action . . . . . . . . . . . . .    15

Loss . . . . . . . . . . . . . . . . . . . . . . . . .    16

Fraudulent of Dishonest Acts . . . . . . . . . . . . . .    17

Intent . . . . . . . . . . . . . . . . . . . . . . . .    18

Cause . . . . . . . . . . . . . . . . . . . . . . . .    19

Failure to Mitigate; Comparative Negligence . . . . . . . .    20

Negligence . . . . . . . . . . . . . . . . . . . . . .    21

Breach of Agreement: Actual Damages . . . . . . . . . . .    22

CIVIL NO. 00-2035 (JAG)

Interpretation of Contract belongs to the Court . . . . . . .  23

Judge's Questions . . . . . . . . . . . . . . . . . . . . .  24

Jury to Disregard Court's View . . . . . . . . . . . . . .  25

Conduct of Counsel . . . . . . . . . . . . . . . . . . . .  26

Reprimand of Counsel for Misconduct . . . . . . . . . . . .  27

Notetaking . . . . . . . . . . . . . . . . . . . . . . . .  28

Verdict -- Jury's Responsibilities . . . . . . . . . . . .  29

Duty to Deliberate . . . . . . . . . . . . . . . . . . . .  30

Verdict; Communications with the Court . . . . . . . . . .  31

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #1**
COURT INSTRUCTIONS TO THE JURY

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions - what we call your deliberations.

In these instructions, I will refer to the plaintiff, Oriental Financial Group, as "Oriental" and to the defendant, Federal Insurance Company, as "FIC."

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #2**
DUTY TO FOLLOW INSTRUCTIONS, FIND FACTS AND APPLY LAW

You, as jurors, are the judges of the facts. It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding Judge in this Court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences. You will recall that you took an oath promising to do so at the beginning of the case. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions as to what verdict you should return - that is a matter entirely for you to decide.

-2-

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #3**
BURDEN OF PROOF

This is a civil case and as such the plaintiff has the burden of proving the material allegations of its complaint by a preponderance of the evidence.

If after considering all of the evidence you are satisfied that the plaintiff has carried its burden on each essential point as to which it has the burden of proof, then you must find for the plaintiff on its claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain its burden and you must find for the defendant.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #4**
PREPONDERANCE OF THE EVIDENCE

Again, plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when compared to the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. To put it differently, if we were to put plaintiff's and defendant's evidence on opposite sides of a scale, plaintiff would have to make the scales tip somewhat on its side. If the plaintiff fails to prove this burden, the verdict must be for the defendant. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

-4-

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #5**
"IF YOU FIND" OR "IF YOU DECIDE"

When I instruct you that a party has the burden of proof on any proposition, or when I use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more likely true than not.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #6**
WHAT IS EVIDENCE - INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; any facts to which the lawyers have agreed or stipulated; and any other facts which the Court has instructed you to accept as proven.

In this case I have instructed you to accept as a fact that Roberto Fernandez was not aware, as of April or May 1997, of the alterations of Oriental's Federal Home Loan Bank Cash Account reconciliation of April 1997 made by Miguel Flores.

Although you may consider only the evidence presented in the case, you are not limited to the statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find have been proven such reasonable inferences as you believe are justified in light of common sense and personal experience.

-6-

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #7**
KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could infer, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #8**
STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the parties accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

The parties have stipulated that in its financial statements for the fiscal year that ended on May 30, 2000, Oriental restated prior financial statements to reflect the $3.4 million loss being claimed in this case.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #9**
WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

-9-

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #10**
WITNESSES; IMPEACHMENT

As I instructed you at the beginning of this trial, you, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case the manner in which each witness might be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence to the contrary of the testimony given.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of

-10-

CIVIL NO. 00-2035 (JAG)

recollection is not an uncommon experience. These discrepancies do not mean that the witness's entire testimony should be discredited. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

A witness may be discredited or impeached by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part. You should always use common sense and your own good judgment.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non existence of any fact. You may find that the testimony of small number of witnesses as to any fact is more credible that the testimony of a larger number of witnesses to the contrary.

**JURY INSTRUCTION #11**
OPINION EVIDENCE: EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call expert witnesses. Witnesses, who by education and experience, have become experts in some art, science, profession or calling, may state their opinions as to relevant and material matters in which they profess to be expert, and may also state the reasons for their opinion.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

You should not accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**JURY INSTRUCTION #12**
CONFLICTING EXPERT TESTIMONY

You have heard testimony of two witnesses who have been called by both sides to give their opinion about whether the bank suffered a loss and, if so, the cause of that loss. The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and their testimony relates to a question of fact-that is, whether the bank suffered a loss and, if so, the cause of that loss; so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness's motive, if any, for testifying.

Again, you should not permit a witness's opinion testimony to be a substitute for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #13**

CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records and other documents which are in evidence in the case. However, such charts or summaries are not in and of themselves evidence or proof of any facts. If such charts or summaries do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard them.

In other words, such charts or summaries are used only as a matter of convenience. So if, and to the extent that you find they are not in truth summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #14**

THE FINANCIAL INSTITUTION BONDS

On September 5, 1998, defendant FIC, for good and valuable consideration, executed and delivered to plaintiff Oriental its Financial Institution Bond Number 81522315-A known as Bond A. This bond covers, among others, losses resulting from fraudulent or dishonest acts by one or more of plaintiff's employees. The term of the bond is from June 30, 1998 to June 30, 1999.

On December 27, 1999, defendant FIC executed and delivered to plaintiff its Financial Institution Bond Number 81522315-B known as Bond B. Bond B, which covers, among others, losses resulting from fraudulent or dishonest acts by one or more of plaintiff's employees. The term of the Bond B, as extended via endorsement, is from June 30, 1999 to September 28, 2000.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #15**
ELEMENTS OF THE CAUSE OF ACTION

In this case, Oriental alleges that FIC breached its contract - the fidelity bond - with Oriental by wrongfully denying its claim. Your verdict must be for Oriental and against FIC if all the following elements have been proven by the preponderance of the evidence:

First, that Oriental suffered a loss;

Second, that the loss resulted solely or directly from one or more dishonest or fraudulent acts by an employee, whether committed alone or in collusion with others; and

Third, that such acts were committed with the intent to either:

      i.  cause Oriental to sustain the loss, or

     ii.  obtain financial benefit for the employee.


Salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other similar benefits do not constitute improper personal financial benefit.

Should any element fail to be proved by a preponderance of the evidence, you must find in favor of FIC.

If you find that all of these requirements are met, you must then determine the amount of the loss.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #16**
LOSS

In order to establish the element of a loss, Oriental must show that it suffered a decrease in assets or an increase in liabilities, or failure to keep what one has. Cash is an asset. Oriental need not show the exact time and manner in which any particular funds were lost.

Loss under a fidelity bond refers to actual loss, as distinguished from a theoretical or bookkeeping loss. A recoverable loss is a direct loss, or the actual depletion of bank funds, i.e. cash, caused by the employee's dishonest acts. Bookkeeping or theoretical losses, not accompanied by actual withdrawals of cash or other such pecuniary loss, are not recoverable losses.

In proving the loss, Oriental may rely on circumstantial evidence. This means that Oriental does not need to prove its loss with mathematical precision or certainty, or to identify the specific items that make up the loss. If Oriental has established that its employees incurred in dishonest conduct, the loss resulting from said conduct may be quantified via accounting records.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #17**

FRAUDULENT OR DISHONEST ACTS

A fraudulent or dishonest act by an employee is any act showing a want of integrity, a breach of trust, or deceit. You should construe the concept of dishonesty broadly and comprehensively, to encompass those acts which the general community would understand to be dishonest; the position most favorable to the insured should prevail. Failure to follow established practices of the enterprise, such as honesty, observance of the law, avoidance of activities which might reflect adversely upon the enterprise, shows reckless disregard for the interests of the employer which evince a want of integrity and an intentional breach of trust. Criminal wrongdoing is not required; neither is it necessary that the employee personally profit by his actions. To constitute fraud or dishonesty, there must be something more than negligence, mistake, carelessness, errors in judgment, inattention to business or incompetence.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #18**
INTENT

A person acts with intent to achieve a particular result if the evidence demonstrates either (1) that the person wants to achieve the particular result or (2) that the person knows that the particular result is a natural and probable result of his conduct. The word intent is used to denote that the actor desires to cause the consequences of his act, or that he believes that the consequences are naturally and probably to result from it. Intent, therefore, is not limited to consequences which are desired. If the actor knows that the consequences are naturally and probably to result from his act, and still goes ahead, he is treated by law as if he had, in fact, desired to produce the result.

Intent ordinarily may not be proved directly because there is no way of understanding or scrutinizing the operations of the human mind. But you may infer a person's intent from surrounding circumstances. You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances that indicate the party's state of mind. A person's statement to the effect that he did not intend a particular result is not conclusive and the jury is the only judge of his credibility.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #19**
CAUSE

Losses are caused by a fraudulent or dishonest act whenever it appears from the evidence that the act solely or directly brings about the loss. In other words, the loss must be solely or directly a result of the fraudulent or dishonest act.

If you find that Oriental has established that its employees incurred in fraudulent and/or dishonest conduct, and that Oriental has established that it suffered losses, you may conclude as a matter of just and reasonable inference from the proof of the fraudulent and/or dishonest acts committed by Oriental's employees, and from the evidence of losses presented by Oriental not shown to be attributable to other causes, that Oriental's losses were solely or directly caused by the fraudulent and/or dishonest acts of its employees.

On the other hand, should you find that the losses of Oriental were caused by its own conduct, and not by any fraudulent and/or dishonest act of an employee of Oriental, then you should find for FIC.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #20**
FAILURE TO MITIGATE; COMPARATIVE NEGLIGENCE


FIC is not released from liability when, following the loss, Oriental attempted to salvage and diminish the loss.

If you find that Oriental proved all of the elements of its cause of action and is therefore entitled to recover under FIC's bond, then negligence, if any, resulting from the existence of inadequate policies and procedures at Oriental, or the failure to follow policies and procedures then in place at Oriental, is not a basis to reduce the amount of recovery owed to Oriental under FIC's bond.

**JURY INSTRUCTION #21**
NEGLIGENCE

Negligence, if any, by Oriental, does not constitute a defense for FIC in the absence of a contract limitation expressed in plain and unambiguous terms. FIC's bond does not contain any provision concerning release of liability for negligence.

Accordingly, if you find that Oriental proved all of the elements of its cause of action and is therefore entitled to recover under FIC's bond, then negligence, if any, resulting from the existence of inadequate policies and procedures at Oriental, or the failure to follow policies and procedures then in place at Oriental, is not a defense available to FIC. FIC is not released from liability, even by the absence on the part of Oriental of ordinary prudence to lessen the risk, if all the elements of the cause of action are proven.

However, negligence, if any, by Oriental, is a defense available to FIC only if you find that said negligence amounted to fraud or bad faith on the part of Oriental.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #22**
BREACH OF AGREEMENT: ACTUAL DAMAGES

You may reach the issue of damages only if you find that the plaintiff has established the elements of his claim under the standards I have described.

The fact that I charge you on the issue of damages does not mean that the plaintiff is entitled to prevail. That is for you to decide. I instruct you on this subject only in the event that you decide that plaintiff has sustained its burden of proof as to the elements of its claim of breach of agreement as to the fidelity bonds. If you find that plaintiff has established all the essential elements of breach of agreement by preponderance of the evidence, you must find then an amount of money damages which would compensate the plaintiff for its injury.

Damages are not to be granted merely out of pity or as a punishment, and cannot be imposed or increased in order to punish a defendant. Your decisions must be formulated on the basis of rational and reasonable considerations that can be uniformly applied in all cases of similar circumstances.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #23**
INTERPRETATION OF CONTRACT BELONGS TO THE COURT

If you should find that there is a clause of the contract that requires you to interpret, and you do not understand it by a literal interpretation, you should ask for guidance from the Court.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #24**
JUDGE'S QUESTIONS

During the course of the trial, I occasionally asked questions of a witness in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions are related. Remember at all times that you, as jurors, are at liberty to disregard all comments of the court in arriving at your own findings as to the facts. However, you are not at liberty to disregard any instructions given by the Court.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #25**
JURY TO DISREGARD COURT'S VIEW

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from

CIVIL NO. 00-2035 (JAG)

your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #26**
CONDUCT OF COUNSEL

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #27**
REPRIMAND OF COUNSEL FOR MISCONDUCT

During the course of the trial, I have had to admonish or reprimand an attorney because I did not believe what he/she was doing was proper. You should draw no inference against counsel or his/her client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the court.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #28**
NOTETAKING

The Court allowed you to take notes, and the courtroom deputy distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. Do not share your notes with anybody else during your deliberations.  They are only for your private use. Please remember that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. When the case is over, your notes will be destroyed.

CIVIL NO. 00-2035 (JAG)

**INSTRUCTION #29**
VERDICT – JURY'S RESPONSIBILITIES

It is proper to add that nothing said in these instructions -- or in any form prepared for your convenience (like the verdict form) -- is to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #30**
DUTY TO DELIBERATE

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges: judges of the facts. Your only interest is to seek the truth from the evidence in the case.

CIVIL NO. 00-2035 (JAG)

**JURY INSTRUCTION #31**
VERDICT, COMMUNICATIONS WITH THE COURT

Upon referring to the jury room you should first select one member of the jury to act as your foreperson to preside over the deliberations and to be your spokesperson here in court.

I will read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

[ READ VERDICT FORM ]

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreman fill it in, date and sign it. You will then return to the courtroom and the verdict will be read.

If, during your deliberations, you should desire to communicate with the Court, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.